[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16021
Non-Argument Calendar

_____

D.C. Docket No. 03-00281-CV-T-26-MSS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 31, 2005
THOMAS K. KAHN
CLERK

BILLY RAY PHILLIPS,

                                             Plaintiff-Appellant,

        versus

CITY OF SARASOTA,
a municipal corporation,

                                             Defendant-Appellee.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(May 31, 2005)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

    Billy Ray Phillips, an African-American male, appeals a district court order

granting summary judgment in favor of the City of Sarasota ("City"), Phillips'

former employer, based on his claim of unlawful discrimination, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

Phillips argues that the district court erred when it granted summary judgment in favor of the City based on its determination that because only he had violated a restraining order, he could present no evidence showing that the Caucasian officers in his department were similarly situated for purposes of showing disparate treatment. Specifically, Phillips argues that the district court should have evaluated the "comparative seriousness" of the underlying incidents involving the Caucasian officers because the evidence shows that several of the Caucasian officers engaged in misconduct, such as attempted murder and aggravated battery, that was much more serious than his "minor domestic spat."

We review de novo the district court's grant of summary judgment, viewing all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. Burton v. Tampa Housing Authority, 271 F.3d 1274, 1276-77 (11th Cir. 2001).

Upon review of the record, and upon consideration of the parties' briefs, we find no reversible error. We conclude that the district court properly granted summary judgment in favor of the City because Phillips was fired for, among other things, violating a temporary injunction on a number of separate occasions, and

because the evidence showed that his former Caucasian co-employees, none of whom had violated a temporary injunction, were not in fact sufficiently similarly situated to be used as comparators.

**AFFIRMED**.